IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01202-LTB-BNB

ANTONIO DELMONICO,

Plaintiff,

v.

PUEBLO COMMUNITY HEALTH CENTER, INC.

Defendant.

_____

## ORDER

_____

This matter is before me on **Plaintiff's Motion to Amend Complaint** (the "Motion"),

filed March 15, 2006.  The plaintiff seeks leave to supplement his Complaint with numerous

statements.

The Federal Rules of Civil Procedure provide that a complaint may be amended as

follows:

> A party may amend the party's pleading once as a matter of course
> at any time before a responsive pleading is served. . . . Otherwise a
> party may amend the party's pleading only by leave of court or by
> written consent of the adverse party.

Fed. R. Civ. P. 15(a).

The defendant has not filed a responsive pleading in this action.[1]  Pursuant to Rule 15(a), the plaintiff is entitled to amend his Complaint once as a matter of course.[2]

The plaintiff may not simply submit supplements to his initial Complaint, however. Instead, he must file a complete amended complaint.  The plaintiff may not incorporate by reference his original Complaint into the amended complaint.  The amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.  Accordingly,

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE.

Dated March 23, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Defendants' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment, filed January 19, 2006, is not a responsive pleading.  <u>Cooper v. Shumway</u>, 780 F.2d 27, 29 (10th Cir. 1985).

[2]On June 29, 2005, the plaintiff was directed by the Court to resubmit his Complaint on the proper form.  Such directives are routinely given to *pro se* plaintiffs upon filing of their initial complaints.  I do not consider the mandatory amendments to be amendments "as a matter of course" under Rule 15.