IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01202-LTB-BNB

ANTONIO DELMONICO,

Plaintiff,

v.

PUEBLO COMMUNITY HEALTH CENTER, INC.,

Defendant.

───────────────────────────────────────────────────────────────

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

───────────────────────────────────────────────────────────────

This matter is before me on the defendant's **Motion to Dismiss Plaintiff's Amended Complaint and Jury Trial Demand** (the "Motion") [Doc. #30, filed 4/25/06]. I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff filed his Amended Complaint on April 10, 2006. The Amended Complaint contains the following allegations:

1.  The defendant, Pueblo Community Health Center ("PCHC"), receives public funding to provide medical and dental treatment to the people of Pueblo, Colorado. Amended Complaint, p. 2, ¶ 5; p. 3, ¶ 5.

2.  On or about January 10, 2004, the plaintiff was permanently discharged from the defendant's program because the defendant perceived him as having a disability and because he actually has a disability. Id. at p. 3, ¶ 1.

3.  The plaintiff has Marfan Syndrome and heart defects which affect his ability to breathe. Id. at ¶ 5.

The plaintiff asserts jurisdiction under "Title Seven of the Civil Rights Act, as amended, the Civil Rights Restoration Act of 1991 (ADA), and the Common Law of Colorado." Id. at p. 2, ¶ 4. Thus, it appears that the plaintiff is asserting claims for: (1) discrimination in violation of Title VII; (2) discrimination in violation of the Americans With Disability Act (the "ADA"); and (3) a "breach of contract and/or a tort." Id. at pp. 2-4.

## III.  ANALYSIS

### A.  Title VII Claim

The defendant asserts that the plaintiff is not entitled to any relief under Title VII because he has not alleged any employment discrimination or any discrimination based on race, color, religion, sex, or national origin.  *Motion*, p. 5.  The plaintiff does not address his Title VII claim in his response to the defendant's Motion.

Title VII makes it unlawful for an employer to discriminate against an individual because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  In order to be eligible for the protections of Title VII, an individual must be an employee or and applicant for employment.  42 U.S.C. § 2000e-16.  Title VII defines "employee" as "an individual employed by an employer."  Id. at § 2000e(f).

The Amended Complaint alleges that the plaintiff was a patient at the defendant's dental and medical programs.  Accepting the Amended Complaint's allegations as true and construing all reasonable inferences in favor of the plaintiff, the plaintiff--as a patient--was not an employee of the defendant and he does not, therefore, have standing to bring a claim under Title VII.  See Jacob-Mua v. Veneman, 289 F.3d 517, 521 (8th Cir. 2002) (holding that a plaintiff, who conceded she was a volunteer, did not have standing to bring Title VII claim because she was not an employee).

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the plaintiff's Title VII claim.

## B.  ADA Claim

The defendant asserts that the plaintiff's ADA claim must be dismissed because the plaintiff has failed to allege that he is disabled within the meaning of the ADA.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The term "disability" means "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual, "a record of such an impairment,"or "being regarded as having such an impairment."  42 U.S.C. § 12102(2)(A).

The plaintiff alleges that he has Marfan Syndrome and heart defects which affect his ability to breathe.  These allegations support a reasonable inference that the plaintiff is disabled within the meaning of the ADA.  The allegations are sufficient to withstand a motion to dismiss.

I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the plaintiff's ADA claim.

## C.  State Law Claims

The defendant argues that, because the plaintiff has failed to state a valid Federal claim, the Court should decline supplemental jurisdiction over the plaintiff's state law claims.  I have recommended that the Motion be denied insofar as it seeks dismissal of the plaintiff's ADA claim.  Therefore, this argument is moot.

In the alternative, the defendant asserts that the plaintiff has failed to state a tort claim or a breach of contract claim.  Under Colorado law, the basic elements of a tort claim are: (1) the

4

existence of a duty; (2) a breach of that duty; and (3) an injury caused by the breach of duty.

Daugherty v. Allstate Ins. Co., 55 P.3d 224, 228 (Colo. App. 2002). The most basic element of a

breach of contract claim is the existence of a contract. *CJI-Civ. 4th 30:1-2.*

The plaintiff alleges his breach of contract and/or tort claim as follows:

> The defendant has a company policy that is printed on their
> stationery that states: "Providing primary health care to those in
> need"[.] The defendant had [sic] violated their company policy and
> a breach of contract and/or a tort has occured [sic], which will be
> proven at trial.

*Amended Complaint*, p. 4, ¶ 4.

The plaintiff does not allege with certainty whether he is bringing a breach of contract

claim or a tort claim. Moreover, the plaintiff does not allege any facts upon which to base a

breach of contract or tort claim under Colorado law. Therefore, the Amended Complaint fails to

allege a state law claim upon which relief can be granted. I respectfully RECOMMEND that the

Motion be GRANTED to the extent it seeks dismissal of the plaintiff's state law claims for failure

to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion be GRANTED IN

PART and DENIED IN PART as follows:

1.  GRANTED to the extent it seeks dismissal of the plaintiff's Title VII claim;

2.  DENIED insofar as it seeks dismissal of the plaintiff's ADA claim; and

3.  GRANTED to the extent it seeks dismissal of the plaintiff's state law claim(s) for

failure to state a claim upon which relief can be granted.

Dated November 27, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge